**2013 UT App 151**

## THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF N.M., A
PERSON UNDER EIGHTEEN YEARS OF AGE.

A.G.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20130159-CA
Filed June 20, 2013

Third District Juvenile, Salt Lake Department
The Honorable Kimberly K. Hornak
No. 1076696

Colleen K. Coebergh, Attorney for Appellant
John E. Swallow and John M. Peterson, Attorneys
for Appellee
Martha Pierce, Guardian ad Litem

Before JUDGES ORME, ROTH, AND CHRISTIANSEN.

PER CURIAM:

¶1     A.G. (Father) appeals the juvenile court's February 8, 2013 order wherein the court determined that Father neglected N.M. We affirm.

¶2     Father asserts that there was insufficient evidence to support the juvenile court's determination that he neglected N.M. In order to overturn the juvenile court's decision as to the sufficiency of the

evidence, "[t]he result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. The juvenile court is in the best position to weigh conflicting testimony, to assess credibility, and from such determinations, render findings of fact. *See In re L.M.*, 2001 UT App 314, ¶¶ 10-12, 37 P.3d 1188. We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Furthermore, we give the juvenile court a "'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field.'" *Id.* Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3     Utah Code section 78A-6-105(27) defines neglect, in part, as the lack of proper parental care of a child by reason of the parent's faults or habits. *See* Utah Code Ann. § 78A-6-105(27)(a)(ii) (LexisNexis 2012). A juvenile court may determine that a parent has neglected his or her child if the parent has a history of violent behavior. *See id.* § 78A-6-508(2)(f). The juvenile court determined that Father engaged in domestic violence in N.M.'s presence. There is sufficient evidence supporting the juvenile court's determination that Father neglected N.M. by engaging in domestic violence.

¶4     Father next asserts that the juvenile court violated his due process rights by not permitting him to cross-examine Mother regarding her alleged mental illness or her propensity to harm herself. "[T]o preserve an issue for appeal, the issue must be presented in the trial court in such a way that the trial court has an opportunity to rule on that issue." *In re A.K.*, 2012 UT App 232, ¶ 22, 285 P.3d 772. The issue must be raised in a timely fashion as well as specifically raised before the trial court. *See id.* "[T]he

preservation rule applies to every claim, including constitutional questions. . . ." *Id.* "Where there is no clear or specific objection and the specific ground for objection is not clear from the context, the theory cannot be raised on appeal." *State v. Low*, 2008 UT 58,¶ 17, 192 P.3d 867.

¶5     Father sought to cross-examine Mother regarding prior instances where she had attempted to harm herself. The juvenile court determined that Father could cross-examine Mother regarding the domestic violence incident at issue, but not about her prior mental health issues or her history of harming herself. However, Father failed to raise this specific due process argument in the juvenile court. By doing so, he forfeited the claim that he was deprived due process "by failing to raise the issue before the juvenile court in such a way that the court had an opportunity to recognize and rule on it." *In re A.K.*, 2012 UT App 232, ¶ 23.

¶6     Affirmed.

--------